IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

FILED
JUL 0 8 2014
U.S. BANKRUPTCY COURT
BY_____DEPUTY

| | | |
|---|---|---|
| JEANETTE BARBARA LOWRY | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | No. SA-10-CA-886 |
| | § | |
| KEVIN W. STOUWIE, as Trustee | § | Bankruptcy Adv. No. 12-05114 |
| of Willawall Investments Trust | § | |
| | § | |
| Defendant | § | |

## MEMORANDUM OPINION AND ORDER

This is a civil action for damages under the Fair Credit Reporting Act, 15 U.S.C. § 1681. On June 11, 2014, Judge Gargotta of the United States Bankruptcy Court filed his Report and Recommendation to this Court regarding the Plaintiff's motion for a default judgment against the Trustee of the Willawall Investments Trust.[1] The time for objections has elapsed, and no party has filed an objection to the Report and Recommendation. After conducting a *de novo* review, the Court agrees with the findings of fact, conclusions of law, and recommendation for the entry of a judgment.

---

[1] The parties actually consented to adjudication of this matter by the bankruptcy court. On June 9, 2014, however, the United States Supreme Court issued its decision in **Executive Benefits Insurance Agency v. Arkison**, ____ U.S. ____, 82 L.W. 4450 (2014), which held that bankruptcy courts lack the constitutional authority to enter judgment in certain categories of cases even with the consent of all parties. Judge Gargotta concluded that the matter before the Court fell within one of those categories. Accordingly, he filed a Report and Recommendation for *de novo* review by this Court.

This case has lived beyond its time. The original complaint was filed more than three and one-half years ago, on November 1, 2010. While the case has been pending, deaths and bankruptcies have occurred; pleadings have been amended; dismissals and defaults have been entered; and, significantly, a new defendant has been added: the Trustee of the Willawall Investments Trust.

The record reflects that the Trust was created in 2009 by Defendant Bradley Croft for the benefit of his minor child. In November 2011, the Court granted the Plaintiff's motion for leave to amend her complaint to add the Trustee as a defendant. The Trustee at the time, Richard Snell, was served with process, but died a few days later. At the time of his death, he had not filed an answer in his capacity as Trustee.[2] In March 2012, the Plaintiff moved to substitute Kevin W. Stouwie, the new Trustee, as a party Defendant. The motion was granted; the complaint was amended; and Stouwie was served with process. Stouwie never filed an answer to the complaint on behalf of the Trust. On motion of the Plaintiff, the Court directed the clerk to enter a default. On December 9, 2013, Stouwie moved to set aside the default, asserting that his failure to answer the amended complaint was "due to

---

[2] In November 2011, Snell was already a Defendant in his individual capacity. After his death, however, the claim against Snell individually was dismissed.

mistake, error, or excusable neglect" (Docket No. 90, para. 2).[3] The motion to set aside the default was Stouwie's first appearance in the case, although, as Trustee, he had been served with process in July 2012. During this 17-month interval, Stouwie actually testified as a witness in the trial in bankruptcy court of an adversary proceeding against Bradley Croft. Judge Gargotta recommended that a default judgment be entered against the Willawall Investments Trust. Having reviewed the entire record, this Court agrees with the recommendation, and will grant the Plaintiff's motion for the entry of a default judgment. The next step is to consider an award of damages to the Plaintiff.

In the trial of the adversary proceeding in bankruptcy court in June 2013, Plaintiff Lowry proved that Bradley Croft had violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, by improperly obtaining her credit report from Trans Union and posting it on a public web page for the purpose of attempting to damage her business. The Trust was added as a Defendant after Croft filed for bankruptcy and gave testimony at a hearing that he had transferred ownership of two computers to the Willawall Investments Trust. Plaintiff Lowry contends that one or both of those computers were likely used to carry out the scheme, and that by allowing Croft and Richard Snell, a co-Defendant, to use the computers, the Trust

---

[3] Stouwie is a licensed attorney, and is representing himself in this matter.

3

became a knowing participant in their conspiracy. Because the Trust is in default, the Court must accept as true the allegations in Plaintiff's second amended complaint. That said, the role of the Trust in the offense was clearly passive, and the Court should weigh and consider that fact in assessing damages.

15 U.S.C § 1681n provides that a person who willfully fails to comply with the FCRA with respect to a particular consumer will be liable for the following: (1) actual damages sustained by the consumer or statutory damages of not less than $100 and not more than $1,000; (2) punitive damages as allowed by the Court; and (3) reasonable attorney's fees and costs of court. The Court agrees with the bankruptcy court that the Plaintiff has established a willful violation of the FCRA.

As to the first element of damages, the Plaintiff contends that she sustained actual damages, both economic and emotional, as a result of the Defendants' non-compliance with the FCRA. The Court agrees with the bankruptcy court that the Plaintiff has failed to sustain her burden of proving actual damages. In this connection, there is virtually no evidence that she sustained any appreciable economic harm. With respect to emotional damages, the Plaintiff's evidence was legally insufficient. **Carey v. Piphus,** 435 U.S. 247 (1978); **Cousin v. Trans Union Corp.,** 246 F.3d 359, 370-71 (5th Cir. 2001). However, the Plaintiff is entitled to recover statutory damages as provided in § 1681n. The Court may

4

award statutory damages of not less than $100 nor more than $1000. In the instant case, the Defendants, especially Croft, acted willfully and with the deliberate intent to cause harm to the Plaintiff. The Court finds, therefore, that the statutory maximum of $1000 should be awarded to the Plaintiff.

With respect to the second element, the purpose of an award of punitive damages is to punish unlawful conduct and to deter its repetition. **BMW of North America, Inc. v. Gore**, 517 U.S. 559, 568 (1996). The Court must keep in mind, however, that the Due Process Clause prohibits the Court from imposing grossly excessive punitive damages. **State Farm Mutual Auto Ins. Co. v. Campbell**, 538 U.S. 408, 416 (2003). In enacting the FCRA, Congress specifically authorized the award of punitive damages for its violation. Plaintiff's claim against Croft in this case, tried in an adversary proceeding in bankruptcy court, resulted in a punitive damage award of $75,000 against Defendant Croft. In light of the previous finding by this Court that the role of the Trust was passive only, the Court will award $10,000 in punitive damages against the Willawall Investments Trust.

Finally, the FCRA authorizes a successful Plaintiff to recover her reasonable attorney's fees. In this case, Plaintiff Jeanette Barbara Lowry was represented by attorney Charles B. Gorham of San Antonio, Texas. Counsel should be required to submit his application for attorney's fees, accompanied by affidavits and

5

other supporting documents, within fourteen (14) days of the date of this Order. Counsel should also submit his bill of costs pursuant to Rule 54, Federal Rules of Civil Procedure.

SIGNED AND ENTERED this _3d_ day of July, 2014.

/s/ Harry Lee Hudspeth
HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE

6